UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GERALDINE S. ABBOTT, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHATTANOOGA HAMILTON COUNTY ) <br> HOSPITAL AUTHORITY, doing business as ) <br> ERLANGER HEALTH SYSTEM, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:10-CV-313 <br> Judge Curtis L. Collier <br> *Lead Case* |
| ) <br> ANDREA SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHATTANOOGA HAMILTON COUNTY ) <br> HOSPITAL AUTHORITY, doing business as ) <br> ERLANGER HEALTH SYSTEM, ) <br> ) <br> Defendant. ) | Case No. 1:11-CV-342 <br> Judge Curtis L. Collier |

## MEMORANDUM

Before the Court is a motion *in limine* filed by Defendant Chattanooga Hamilton County Hospital Authority, doing business as Erlanger Health System ("Defendant") (Court File No. 25). Plaintiffs Geraldine S. Abbott, Carolyn M. Galyon, Yolanda M. King, and Cheryl D. Smith in Case No. 1:10-cv-313 and Plaintiff Andrea Smith in Case No. 1:11-cv-342 (collectively, "Plaintiffs") filed a response in opposition (Court File No. 32).[1] For the following reasons, the Court will **RESERVE**

---

[1] Unless otherwise indicated, all citations are to documents filed in Lead Case No. 1:10-cv-313. Because the same motion was filed in Case No. 1:11-cv-342 (*see* Court File No. 16), the Court's decision in this memorandum and order will also apply to that motion.

**RULING** on Defendant's motion *in limine* (Court File No. 25).

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The following facts come primarily from Plaintiffs' complaints and were recited in part in the Court's January 30, 2013 Memorandum and Order on Defendant's motion to bifurcate and Plaintiffs' motion for a jury trial (Court File No. 36). In Case No. 1:10-cv-313, Plaintiffs Abbott, Galyon, King, and Smith filed a complaint on November 22, 2010, alleging violations of the Equal Pay Act, 29 U.S.C. § 206(d); the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-401(a)(1); and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Court File No. 1 ¶¶ 9-11). All of the aforementioned plaintiffs are female and employed by Defendant in the Resource and Reimbursement Department at Erlanger Hospital (*id.* ¶¶ 2, 5). They allege Defendant unlawfully denied them equal pay in violation of the Equal Pay Act by paying a male employee more than it paid them for doing similar work under similar working conditions (*id.* ¶¶ 8-9). According to the parties' later filings, the male employee's name is Laszlo Pinter (Court File Nos. 26, 32). The plaintiffs further contend Defendant discriminated against them on the basis of sex in violation of the THRA (*id.* ¶ 10). Finally, they allege Defendant unlawfully denied them overtime pay in violation of the FLSA (*id.* ¶¶ 7, 11). The plaintiffs in this matter seek relief in the form of back pay, liquidated damages, unpaid overtime compensation, damages for humiliation and embarrassment, prejudgment interest, and attorney's fees and costs (*id.* ¶ 12). In the complaint, they also request a jury as to the Equal Pay Act and THRA claims.

In Case No. 1:11-cv-342, Plaintiff Andrea Smith similarly alleges violations of the Equal Pay Act, the THRA, and the FLSA (Case No. 1:11-cv-342, Court File No. 1 ¶¶ 9-11). She seeks the same

2

relief as the plaintiffs in 1:10-cv-313 (*id.* ¶ 12).The complaint also includes a demand for a jury trial on the Equal Pay Act and THRA claims.

On February 24, 2012, the Court consolidated the two cases pursuant to Fed. R. Civ. P. 42 upon oral motion of the parties because the cases involved common questions of law and fact (Court File No. 17). Case No. 1:10-cv-313 was designated as the lead case. The trial in this case is set for February 11, 2013.

## II.     MOTION *IN LIMINE*

Defendant seeks to exclude evidence pertaining to the following categories of evidence: "(1) Evidence relating to pay raises for the Registered Nurse Case Managers; (2) Evidence relating to the award of the Team Leader position to Laszlo Pinter; (3) Evidence relating to 'harassment' and 'hostile work environment' in connection with Plaintiffs' claims for alleged humiliation and embarrassment; and (4) Evidence relating to salary credit for years of professional experience" (Court File No. 25 at 1-2). With respect to each category, Defendant either contends the evidence is not relevant or is outside the pleadings, the discovery, and the legally relevant time period. The Court will address the relevance of each category of evidence first as well as whether certain evidence is outside the pleadings and discovery. The Court will separately address Defendant's concerns regarding whether the evidence falls within the "relevant time period."

### A.     Pay Raises for Registered Nurse Case Managers

Defendant first seeks to exclude all evidence pertaining to pay raises for the Registered Nurse Case Managers. As background, Case Managers at Erlanger are divided into two different classifications: Registered Nurse Case Managers, who have a background in nursing, and Social

3

Worker Case Managers, who have a background in social work. Plaintiffs Abbott, Galyon, King, and Smith in Case No. 1:10-cv-313 are Social Worker Case Managers. Plaintiff Andrea Smith in Case No. 1:11-cv-342 is a Registered Nurse Case Manager. According to Defendant, Erlanger instituted a pay increase for Registered Nurse Case Managers in 2007 to attract more nurses. Social Worker Case Managers also received pay raises though not at the same level of increase.

According to Defendant, several Plaintiffs who work as Social Worker Case Managers made statements during their depositions about the Registered Nurse Case Managers' pay raise. For example, Plaintiffs stated they did not feel "valued" or "respected," and they complained about Erlanger's market study that resulted in the Registered Nurse Case Managers' pay raise. Plaintiffs also complained about a meeting held in March or April 2007 where they felt management did not treat them or their concerns with respect.

Defendant contends these statements and, more broadly, evidence pertaining to the Registered Nurse Case Managers' pay raise should not be admissible. Defendant argues the pay raise evidence is not relevant because any disparity between the pay of Social Worker Case Managers and Registered Nurse Case Managers cannot be attributed to gender, given that all of the Registered Nurse Case Managers are female and at least one Social Worker Case Manager is male.

Plaintiffs, on the other hand, argue this evidence is relevant. For example, they aver they intend to offer this evidence to counter Defendant's proof with respect to the FLSA claims and Defendant's "Learned Professional" defense. Plaintiffs also argue this evidence is relevant to the Equal Pay Act and THRA claims because, while both the Registered Nurse Case Managers and the Social Worker Case Managers received different pay raises, their rates were similarly determined without regard to education, experience, and length of service. They also note that Andrea Smith,

4

who was a Registered Nurse Case Manager, was not considered for a higher pay rate despite having served in a supervisory role. Yet, Pinter, who was a Social Worker Case Manager, received greater pay than all of the other Social Worker Case Managers and was considered for higher pay on the basis of serving in a supervisory role. Plaintiffs ultimately contend offering evidence about the Registered Nurse Case Managers' pay raise will assist them in proving their claims.

Rule 401 of the Federal Rules of Evidence explains that evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence can be excluded under some circumstances, as explained in Rule 403, if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, the Court is not convinced the broad category of evidence pertaining to the Registered Nurse Case Managers' pay raises should be excluded on relevance grounds at this time. For example, with respect to the FLSA claims, Defendant will likely argue at trial that Plaintiffs are ineligible for overtime compensation under the FLSA because they are employed in a bona fide professional capacity and the "Learned Professional" exemption applies (*see* Court File No. 24). The FLSA "provides an exemption from the Act's minimum wage and overtime requirements for any employee employed in a bona fide executive, administrative, or professional capacity." 29 C.F.R. § 541. The term "employee employed in a bona fide professional capacity" is defined as any employee "compensated on a salary or fee basis at a rate of not less than $455 . . ." and whose "primary duty is the performance of work." 29 C.F.R. § 541.300(a). The latter phrase refers to work

5

"*requiring knowledge of any advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction*" or "requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor." *Id.* (emphasis added). Thus, whether Defendant did or did not consider the education and experience of its employees under these circumstances could be probative of how Defendant more broadly views the Case Manager position and whether the "Learned Professional" exemption applies. The Court further notes that, with respect to Plaintiffs' THRA claims, Plaintiffs can offer evidence probative of a discriminatory motive or pretext on the part of the employer.

Of course, whether this evidence is relevant will depend largely upon the context in which it is offered. Because the Court is not privy to Plaintiffs' trial strategy and the exact manner in which Plaintiffs will offer this evidence, the Court will refrain from making a premature ruling. Accordingly, the Court will **RESERVE RULING** on this matter.

### B. Laszlo Pinter's Team Leader Position

Next, Defendant challenges the admissibility of evidence relating to Laszlo Pinter's Team Leader position. Defendant argues Plaintiffs may attempt to offer evidence that Pinter was selected to become a Team Leader in June 2003 because of his gender. Defendant claims the allegations, including suggestions that Pinter may have been in a relationship with the department's director, all stem from "office gossip." Plaintiffs, on the other hand, argue evidence about Pinter's Team Leader position is relevant because Andrea Smith was at one point Pinter's Team Leader, yet Pinter was paid more than Smith. Plaintiffs also allege when Pinter was promoted to Team Leader, his salary was greater than Smith's even though she held the same job and had more experience in the position.

Information regarding Pinter's experience and pay as Team Leader may be probative of some

6

of Plaintiffs' claims. Moreover, the Court does not want to exclude the evidence if Plaintiffs intend to use it for a permissible purpose and its probative value substantially outweighs any potential prejudice to Defendant. The Court will be in a better position to make this determination at trial when it has the benefit of hearing how and in what context Plaintiffs intend to use the evidence. Thus, the Court will **RESERVE RULING** on this issue.

### C. Alleged Humiliation and Embarrassment

Defendant moves the Court to exclude any evidence pertaining to Plaintiffs' claims of humiliation and embarrassment. Specifically, Defendant seeks to exclude testimony from Cheryl Smith who, among other things, described at her deposition the humiliation and embarrassment she experienced participating in Erlanger's team huddles where the employees had to recite how well they were treated despite her beliefs to the contrary. Cheryl Smith also referred to instances where she felt mistreated on the basis of race. Plaintiff Andrea Smith similarly described instances of humiliation and embarrassment and alleged Pinter acted inappropriately toward her.

Plaintiffs seek compensatory damages for humiliation and embarrassment under the THRA. *See* Tenn. Code Ann. § 4-21-306(a)(7) (stating one of the remedies for a violation of the THRA is "[p]ayment to the complainant of damages for an injury, including humiliation and embarrassment, caused by the discriminatory practice, and cost, including a reasonable attorney's fee"). Therefore, evidence may be offered that is probative of humiliation and embarrassment experienced by Plaintiffs so long as it is relevant to their THRA claims of discrimination on the basis of gender.

The Court will not exclude the entire category of evidence pertaining to embarrassment and humiliation as requested by Defendant. In part, the Court reaches this conclusion because Plaintiffs

7

have agreed evidence on this matter must relate to the claims at issue.[2] More specifically, Plaintiffs aver they will not offer Cheryl Smith's statements averring mistreatment on the basis of race. At the same time, as with the other evidence at issue in this motion, the Court does not know what specific testimony or evidence Plaintiffs will offer at trial. Because the relevance of the evidence pertaining to embarrassment and humiliation will depend largely upon the context in which it is offered, the Court will **RESERVE RULING** on this issue. The Court will address specific objections to evidence offered by Plaintiffs on this matter at trial.

### D. Evidence Relating to Salary Credit for Years of Professional Experience

Defendant seeks to exclude evidence pertaining to salary credit for prior professional experience on the grounds that it falls outside the "relevant time period." Defendant contends Plaintiffs may attempt to introduce into evidence the years of professional experience that Pinter and Abbott were credited and how their experience was reflected in their pay. As a defense, Plaintiffs argue the evidence is relevant because of their theory that King (not Abbott) had more experience than Pinter yet Pinter was paid more. They contend others also were not given credit despite having similar experience as Pinter.

Whether the evidence pertaining to the parties' prior professional experience is relevant will depend primarily upon how Plaintiffs intend to introduce the evidence at trial. Among other things, Plaintiffs contend the fact that Pinter received credit for prior professional experience when other employees did not may be probative of pretext for purposes of the THRA. While this may be true, the Court will be in a better position to rule on the admissibility of this evidence once the Court can

---

[2] It also appears Plaintiffs understand the evidence offered should not go outside of the matters upon which the pleadings were based and discovery was conducted.

observe the context in which the evidence is offered. Accordingly the Court will **RESERVE RULING** on this matter.[3]

### E. Evidence Outside the Relevant Time Period

Finally, Defendant broadly alleges much of the aforementioned evidence falls outside the "legally relevant time period." While Defendant does not define the "legally relevant time period" for Plaintiffs' claims nor does it refer to any statutes or case law in support of its arguments, the Court assumes Defendant is referring to the applicable statutes of limitation. Under the FLSA, claims must be brought within two years "after the cause of action accrued," unless it arose out of a willful violation, then the applicable statute of limitations is three years "after the cause of action accrued." 29 U.S.C. § 255; *see McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). Equal Pay Act claims are also bound by the statute of limitations provided in 29 U.S.C. § 255. *Rumpz v. Am. Drilling & Testing, Inc.*, No. 09-10971, 2009 WL 3464826, at *4 (E.D. Mich. Oct. 23, 2009). Finally, under the THRA, a plaintiff must file suit within one year after the alleged discriminatory practice ceases. Tenn. Code Ann. § 4-21-311(d). Presumably, any evidence introduced that falls within the limitations period would be within the "relevant time period" for Defendant's purposes.

Defendant is concerned that the categories of evidence at issue in this Memorandum and

---

[3] In the event the evidence is deemed admissible, Defendant requests that the Court instruct the jury that rewarding an employee for his professional and educational experience does not necessarily violate the Equal Pay Act. One affirmative defense a defendant can assert under the Equal Pay Act is that its decision was based on "any other factor other than sex"; such factors may include, *inter alia*, an employee's "relevant work experience, educational/professional background, and competencies in the job." *See Mallison v. Hawarth, Inc.*, No. 1:09-cv-1133, 2011 WL 130246, at *6 (W.D. Mich. Jan. 14. 2011); *see also Balmer v. HCA, Inc.*, 423 F.3d 606, 612 (6th Cir. 2005), *abrogated on other grounds*, *Fox v. Vice*, 423 F.3d 606 (2011). The Court will allow Defendant to submit a charge on this matter. Depending upon what evidence is offered by Plaintiffs and the context for that evidence, the Court may choose to instruct the jury on this matter.

9

Order fall outside of these time periods. For example, the evidence Defendant seeks to exclude regarding the Registered Nurse Case Managers' pay raise occurred in 2007, or as noted by Defendant, three years and at least seven months before the earlier of the two complaints was filed. The evidence Defendant seeks to exclude about Pinter's Team Leader Position occurred around June 2003, which was seven and a half years before the earlier of the two complaints was filed. The events described in Plaintiffs' deposition testimony regarding harassment and embarrassment are not dated, with the exception of Andrea Smith's testimony regarding Pinter's behavior toward her that occurred around September or October 2006. Finally, with respect to the evidence pertaining to salary credit for prior professional experience, Defendant notes the evidence dates back to when Pinter and Abbott were hired in 1993.

The Court disagrees, however, with Defendant's broad generalization that all of the evidence must be excluded because of the time period within which it occurred. "Statutes of limitations apply to claims, not the evidence supporting the claims." *Boggs v. Kentucky*, No. 95-6452, 702, 1996 WL 673492, at *2 (6th Cir. Nov. 20, 1996). A statute's limitation period does not "bar an employee from using the prior acts as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (concluding in the Title VII context that background evidence of discrimination was not barred despite the evidence being untimely). As the Sixth Circuit has explained:

> The function of a statute of limitations is to bar stale claims. *Am. Pipe & Constr. v. Utah*, 414 U.S. 538, 554 (1974). "The statute of limitations is a defense . . ., not a rule of evidence. Therefore, . . . [it] has no bearing on the admissibility of evidence." *United States v. Ashdown*, 509 F.2d 793, 798 (5th Cir.), *cert. denied*, 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 47 (1975). The decision whether to admit evidence is based on its relevancy and probativeness, *see* Fed. R. Evid. 401 and 403, not on whether the evidence is derived from events that occurred prior to a certain time period.

10

*Black Law Enforcement Officers Ass'n v. City of Akron*, 824 F.2d 475, 483 (6th Cir. 1987).

Moreover, at least with respect to Plaintiffs' THRA claims, most if not all of the evidence would fall within the applicable time period--even under Defendant's definition--in light of Plaintiffs' legal theory that Defendant's conduct constituted a "continuing violation." The Tennessee Supreme Court has expressly stated an employer's conduct involving discriminatory pay constitutes a "continuing violation" under the THRA. *See Booker v. The Boeing Co.*, 188 S.W.3d 639, 648 (Tenn. 2006). "A discriminatory pay rate is actionable until it 'ceases'" and it does not cease until "the employer brings the employee into parity with his or her peers." *Id.* Plaintiffs argue the "continuing violation" began when the discriminatory pay practices began--that is, at the time Laszlo Pinter was hired in July 1993. They also aver the discriminatory pay practices have continued into the present with respect to all Plaintiffs, with the exception of Andrea Smith whose pay rate finally exceeded Pinter's in 2007 following the Registered Nurse Case Managers' pay raise. Accordingly, Plaintiffs argue evidence of discriminatory conduct that occurred during this time period would fall within the relevant time period.

Based on the case law and discussion above, the Court will not exclude these broad categories of evidence solely based on the time frame in which they occurred. Even if the evidence falls outside the limitations period, it may still have some independent evidentiary value. With that said, the Court may determine at trial certain evidence needs to be excluded on other grounds, which is why it has reserved ruling on the other issues raised by Defendant. Such determinations of admissibility will be made upon specific objection to matters such as lack of relevance under Rules 401 and 403 or inadmissibility under the other Federal Rules of Evidence.

### III. CONCLUSION

For the foregoing reasons, the Court will **RESERVE RULING** on Defendant's motion *in limine* (Court File No. 25).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

12